# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS DARNELL WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 7:15-CV-0520-SLB-JEO |
| | ) | |
| WARDEN THOMAS; ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM OPINION</u>

This case is presently before the court on Petition for Writ of Habeas Corpus, as amended, filed by petitioner Marcus Darnell Washington. (Docs. 1, 11.)[1] Washington, who is proceeding pro se, filed an Application for Habeas Corpus Under 28 U.S.C. § 2254 [Petition]. (Doc. 1.) Respondents, Warden Thomas and the Attorney General for the State of Alabama, filed an Answer. (Doc. 8.) Thereafter, Washington filed a Motion to Amend his petition, (doc. 11), which was granted, (doc. 20). For the reasons set forth herein, the court finds that Washington's habeas Petition, (doc. 1), and Amended Petition, (doc. 11), are due to be denied.

Respondents argue that Washington's claims are due to be dismissed as procedurally defaulted. Specifically, they argue:

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

Procedural default may arise either "where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred" or when "the petitioner simply never raised a claim in state court" and the "unexhausted claim would now be procedurally barred due [to a] state-law procedural default." Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). The latter applies in Washington's case.

Washington's failure to seek review on direct appeal or discretionary certiorari review from the Alabama Supreme Court pursuant to Rule 39 of the Alabama Rules of Appellate Procedure resulted in his claims not being properly exhausted and now procedurally defaulted.[2]  See, [O'Sullivan v.] Boerckel, 526 U.S. [838,] 842 [(1999)]; Smith [v. Jones], 256 F.3d [1135,] 1138 [(11th Cir. 2001)].  Moreover, he cannot now return to state court to relitigate these claims because Rule 39 of the Alabama Rules of Appellate Procedure provides for a petition for writ of certiorari to be filed within 14 days of the decision of the Court of Criminal Appeals on the application for rehearing.  Therefore, because these claims now raised in the present § 2254 petition can no longer be presented in state court, they are both effectively [un]exhausted and procedurally defaulted.  See, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)("if the [p]etitioner failed to exhaust state remedies and the court to which [p]etitioner would be required to present his claims in

_____

[2]Section 2254 states:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A)  the applicant has exhausted the remedies available in the courts of the State . . . .

    . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b)(1)(A), (c).

order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas").

Moreover, Washington has not proven cause and prejudice for the default or established his actual innocence. See, Smith, 256 F. 3d 1138; Henderson [v. Campbell], 353 F.3d [880,] 892 [(11th Cir. 2003)]. Therefore, until he establishes either cause and prejudice or that a fundamental miscarriage of justice will result if his claims are not considered by this Court, these claims are due no further review or relief in this Court. *See, Jones v. White*, 992 F.2d 1548, l 565 (11th Cir. 1993).

(Doc. 8 at 7-8 [footnote added].)

In response to respondents' Answer, the court issued an Order, which informed Washington that the case was appropriate for summary disposition and that he had 21 days to file additional evidence and/or legal arguments before the court would take his petition under advisement. (Doc. 9.) Washington responded, (doc. 12); he also filed Motions to submit additional evidence and an Amended Petition. (See docs. 11, 13-15.) However, he does not contend that he properly exhausted his claims in state court or that he had cause for failing to exhaust his claims. Rather he contends that he has new evidence from LaToya Grace, whom he contends is "the perpetrator and only eye witness," that proves he is innocent of the crime for which he was convicted. (*See* doc. 12 at 4-6.)

For the reasons set forth below, the court finds that Washington's claims, set forth in his Petition and Amended Petition, are procedurally defaulted. Also, Washington has not shown that this court should excuse the procedural default; therefore, his Petition and Amended Petition for habeas relief will be dismissed.

## A. EXHAUSTION AND PROCEDURAL DEFAULT

The evidence is undisputed that Washington has not filed a petition for certiorari review of any of his claims. The Eleventh Circuit, in a case binding on this court, has held:

> In order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(c), "state prisoners [must] file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan* [*v. Boerckel*], 526 U.S. [838,] 847, 119 S. Ct. [1728,] 1733 [(1999)]. Consistent with the purpose of the exhaustion rule, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S. Ct. at 1732. State prisoners are not required to present their claims through discretionary review if such review would be considered "extraordinary." *Id*. at 845, 119 S. Ct. at 1733.
>
> Alabama court rules provide for discretionary review in the Supreme Court of Alabama of decisions by the Alabama Court of Criminal Appeals. See Ala. R. App. P. 39(c). A petition for further review must be filed within 14 days after the Court of Criminal Appeals's opinion, and a specific format is provided to govern the filing form and content of the petition. *Id*. Rule 39(c)(2), (d). Nothing in the foregoing procedural requirements for discretionary review could be characterized as "extraordinary," as we understand *O'Sullivan*.
>
> In sum, [petitioner] failed to petition the Alabama Supreme Court for discretionary review of the dismissal of his Rule 32 petition, as he could have within fourteen days, pursuant to Ala. R. App. P. 39(c)(2). Nothing in [*O'Sullivan's*] reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals. Accordingly, we find no error in the district court's conclusion that [petitioner] failed to exhaust his state remedies by not petitioning the Alabama Supreme Court for discretionary review of the denial of his state habeas petition.

*Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). Because Washington has not filed a certiorari petition asking the Alabama Supreme Court to review any of his claims, all of his federal claims pending in this court are unexhausted.

"It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar. In such a situation, the Supreme Court has held that the petitioner has failed to properly exhaust his state court remedies and therefore has procedurally defaulted his claims." McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005)(citing Boerckel, 526 U.S. at 848; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991))(internal citations and quotations omitted). This procedural default "will bar federal habeas relief, unless either the cause and prejudice [exception] or the fundamental miscarriage of justice exception is established." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001)(citing Boerckel, 526 at 848-49; Coleman, 501 U.S. 722, 750-51 (1991)).

## B. EXCUSING PROCEDURAL DEFAULT

### 1. Cause and Prejudice

"Federal review of a procedurally defaulted claim is available if a petitioner can show both cause for the default and actual prejudice resulting from it." Harris v. Comm'r, Alabama Dep't of Corr., 874 F.3d 682, 688 (11th Cir. 2017)(citing Murray v. Carrier, 477 U.S. 478, 485 (1985))(emphasis added). According to the Supreme Court –

> [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel or that some interference by officials made compliance impracticable would constitute cause under this standard.

Murray, 477 U.S. at 488 (internal citations and quotations omitted). This standard for showing cause "reflect[s] an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default." Martinez v. Ryan, 566 U.S. 1, 13 (2012).[3]

Washington has not argued the existence of any "objective impediments" that prevented him or his counsel from filing a petition for certiorari review following the Court of Criminal Appeals decisions. Therefore, the court finds that Washington has not established cause for his failure to exhaust his claims in the state court. Because he has not shown cause, the court need not decide whether Washington suffered any prejudice. See McCoy v. United States, 266 F.3d 1245, 1259 (11th Cir. 2001).

---

[3]"Under Martinez, post-conviction counsel's failure to raise a claim in a state collateral proceeding can provide cause and prejudice to excuse a procedural default if: the procedural default is caused by post-conviction counsel's unconstitutionally ineffective assistance; the collateral proceeding in which post-conviction counsel erred was the first opportunity the defendant had to raise the procedurally defaulted claim; and the procedurally defaulted claim has at least 'some merit'" Sullivan v. Sec'y, Fla. Dep't of Corr., 837 F.3d 1195, 1201 (11th Cir. 2016)(citing Martinez, 566 U.S. at 13-14). Washington's defaulted his federal claims by failing to seek discretionary review in the Alabama Supreme Court; therefore, Martinez is not applicable. See id. at 16 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.")(emphasis added; citations omitted).

### 2.  Fundamental Miscarriage of Justice

Washington's claims "may still be reviewed in this collateral proceeding if he can establish that the constitutional error[s] [that he alleges have] probably resulted in the conviction of one who is actually innocent."  Bousley v. United States, 523 U.S. 614, 623 (1998)(quoting Carrier, 477 U.S. at 496)(internal quotations omitted).  If, in asserting the fundamental-miscarriage-of-justice exception, "the petitioner asserts his actual innocence of the underlying crime," as in this case, "he must show 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence' presented in his habeas petition." Calderon v. Thompson, 523 U.S. 538, 559 (1998)(quoting Schlup v. Delo, 513 U.S. 298, 327 (1995))(emphasis added).

"[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare," because "such [new and reliable] evidence is obviously unavailable in the vast majority of cases."  Schlup, 513 U.S. at 324.  Indeed, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," id., and not known to or available to petitioner at the time he pled guilty, see Johnson v. Medina, No. 13-1324, 547 Fed. Appx. 880, 885 (10th Cir. 2013), quoted in Germain v. Racette, No. 9:13-CV-1530(MAD/DEP), 2015 WL 7709606, *6 (N.D.N.Y. Sept. 10, 2015)(evidence not "new" when "petitioner's actual innocence claim derives from evidence that was available to him

and his counsel at the time he entered a plea of guilty"), report and recommendation adopted, 2015 WL 7573225 (N.D.N.Y. Nov. 25, 2015); Carter v. Pierce, 196 F. Supp. 3d 447, 455 (D. Del. 2016)(evidence not "new" when "petitioner would have known that 'fact' when he entered his plea"). "The district court then considers 'all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.'" Butler v. Estes, No. 6:15-CV-0162-WMA-JEO, 2015 WL 3626649, *5 (N.D. Ala. June 10, 2015)(quoting House v. Bell, 547 U.S. 518, 538 (2006))(other citations omitted)citation omitted)).

Washington appears to base his actual-innocence contention on two "facts": (1) the victim Douglas Hill's money was not actually taken, so he is innocent of robbery, and (2) he did not actually murder Mr. Hill, so he is innocent of murder. However, these contentions are belied by Washington's plea colloquy and statements by plea counsel at the hearing to withdraw his guilty plea.

During the plea colloquy, the State offered the following facts, to which Washington did not object:

> . . . [O]n or about June 29th, 2008, at approximately 4:09 p.m., that the victim, Douglas Hill, obtained forty dollars from the ATM located at a Fast and Easy convenience store on Jack Warner Parkway here in Tuscaloosa. The video from the store shows he was approached by a co-defendant, Ms. Latoya Grace, who asked the victim for a ride for her and this defendant, Marcus Washington. The video shows the two of them getting in the car, Mr. Washington getting in the front passenger seat and Ms. Grace getting in the back seat. The victim's body was found shortly thereafter on Main Street. His body was lying in the road where he had been stabbed multiple times and his vehicle was located a short distance from where he was found. Video footage

from a nearby business showed Mr. Washington and Ms. Grace fleeing the scene. Ms. Grace was questioned about the incident, and she has since pled guilty to the crime of murder. She admitted to police that there was a plan to rob the victim in this case by standing and waiting for somebody to get money from the ATM. The physical evidence in this case as well as the statements made by Ms. Grace was that she was the individual who killed the victim in this case. When Mr. Washington was questioned, he did admit he was present in the car when this occurred.

(Doc. 26-1 at 6-7 [emphasis added].) Less than a year after the murder of Mr. Hill and over three years before he pled guilty, Washington sent a letter to the trial court complaining of misrepresentation by his counsel, in which he stated, "Why [am I] being charge[d] with capital murder if <u>Homicide</u> and <u>the State</u> know 'I' [didn't] kill Douglas Hill, and they know he [wasn't] rob[bed] and they know Latoya Grace did it and they know she has mental problems?" (Doc. 8-1 at 38.) Later, on August 23, 2012, he pled guilty "[t]o the charge of felony murder as a lesser-included offense to the charge of capital murder and as [a] habitual offender with two prior qualifying felonies." (Doc. 25-21 at 9.) Clearly Washington knew at the time he pled guilty to the charge of felony murder that Mr. Hill's money was not taken and Grace actually murdered Mr. Hill; he also knew that the State was prepared to show through Grace and the videotapes that Washington and Grace planned to rob Mr. Hill.

Nevertheless, five days following entry of his guilty plea, Washington filed a motion to withdraw his guilty plea. At the hearing on his Motion, the State indicated that, prior to the date set for Washington's trial, Grace had admitted before the court at her guilty plea colloquy that she killed Mr. Hill, but Washington planned the robbery. (Doc. 26-2 at 54.) Video from inside the store showed Washington watching the ATM and "Mr. Hill was the

first guy that went to the ATM." (Doc. 26-3 at 32-51.) Washington admitted, and the evidence appears undisputed, that he was the person on the videos from inside the convenience store at the time Mr. Hill got money from the ATM, the man seen getting into Mr. Hill's car with Grace and pulling a T-shirt over his face, and the man seen running away from the murder scene with Grace four or five minutes later. (Doc. 26-2 at 41, 47-48, 55; doc. 26-3 at 12-15, 48-49.)

In Alabama, a person is guilty of felony murder if, "[h]e . . . commits or attempts to commit . . . robbery in any degree, . . . . and, in the course of and in furtherance of the crime that he . . . is committing or attempting to commit, . . . he . . . or another participant[,] if there be any, causes the death of any person." Ala. Code § 13A-6-2 (a)(3). The "new reliable evidence" submitted in support of Washington's claim of actual innocence is Grace's unsworn statement that she "killed Mr. Hill by [her]self," and that "Marcus Washington had nothing, and I mean, NOTHING to do with it." (Doc. 12 at 8.) This statement does not prove that Washington is actually innocent of felony murder because it does not establish that it is more likely than not that no reasonable juror would find that he and Grace planned to rob Mr. Hill or that, while in the course of or in furtherance of the robbery or attempted robbery, the other participant, Grace, caused the death of Mr. Hill. Indeed, Grace's confession that she killed Mr. Hill does not prove that Washington is not guilty of felony murder based on his participation in the attempted robbery.

Therefore, based on the foregoing, the court finds that Washington has not established that failure to excuse his procedural default will result in a fundamental miscarriage of justice.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Washington's claims are due to be dismissed as procedurally defaulted due to his failure to present them to the Alabama Supreme Court. His Habeas Petition, (doc. 1), and Amended Habeas Petition, (doc. 11), will be dismissed in a separate Order.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2254 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for habeas corpus relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

For the reasons set forth above, the court finds that the issuance of a certificate of appealability is not warranted in this case.

The Certificate of Appealability will be denied.

**DONE** this 13th day of March, 2018.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE